IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI A. PECORARO,       )
                        )
    Plaintiff,           )
                        )
    v.                  )   Civil Action No. 17-912
                        )
NANCY A. BERRYHILL, COMMISSIONER, )
SOCIAL SECURITY ADMINISTRATION,   )
                        )
    Defendant.           )

O R D E R

AND NOW, this 11th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d

Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to afford proper weight to the opinions of her treating medical professionals in formulating her residual functional capacity ("RFC") and in ultimately finding her to be not disabled under the Social Security Act. The Court disagrees and instead finds that substantial evidence supports the ALJ's treatment of the medical opinions at issue, his formulation of Plaintiff's RFC, and his decision that Plaintiff is not disabled.

Plaintiff asserts that the ALJ should have given more weight to the opinions of her treating psychologist, Daniel Marston, Ph.D. (R. 552, 568-71), and to that of her treating psychiatrist, Allison Barnett, M.D. (R. 286-88). She further contends that the medical "opinion" upon which the ALJ's RFC assessment was based, that of state reviewing agent Douglas Schiller, Ph.D., was not an opinion at all and therefore entitled to no weight. While Plaintiff is correct that the ALJ gave little weight to the opinions of Drs. Marston and Barnett, the Court finds that the record supported this finding and that the ALJ adequately explained his rationale for doing so.

It is axiomatic that, when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011).

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A.), at **4-5. Therefore, while the ALJ must, of course, consider and weigh the opinions of treating physicians, ultimately it is up to him to make a final determination of Plaintiff's RFC.

Here, the ALJ thoroughly considered Dr. Marston's and Dr. Barnett's opinions and explained why he found that the record did not support giving them any significant weight. He pointed out, for instance, that Dr. Marston's opinions were not consistent with his own treatment notes, which did not document serious limitations, the fact that his opinions were not supported by clinical findings, and the fact that the treatment he prescribed was inconsistent with the serious limitations to which he opined. (R. 22-23). The ALJ also explained, in affording little weight to Dr. Barnett's opinion, that it was based on a relatively limited treatment record which reflected improvement of Plaintiff's symptoms and that it appeared to be based primarily on Plaintiff's self-reported symptoms. (R. 23). This explanation was adequate and supported by substantial evidence.

Although Plaintiff contests the weight given to the state reviewing agent's assessment, the ALJ did not, in fact, incorporate any part of that assessment, to which he gave partial weight, into Plaintiff's RFC. (R. 24). Indeed, as Plaintiff points out, Dr. Schiller did not actually offer any opinion as to her functional limitations, but rather indicated that there was insufficient evidence to assess Plaintiff's allegations. (R. 87-88). However, merely because there was not another medical opinion in the record does not mean that the ALJ was forced to base his RFC determination on the opinions to which he gave limited weight by default. As stated above, the ALJ must make the final RFC and disability determinations. In discharging this duty, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." 174 Fed. Appx. at 11. Therefore, an ALJ is not precluded from making an RFC assessment even if no doctor has specifically made the same findings. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Of course, in any event, substantial evidence must support an ALJ's findings as to the claimant's RFC, and the ALJ must provide an adequate explanation as to how he formulated the RFC. See SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). Here, however, substantial evidence does support the ALJ's findings. The ALJ specifically incorporated numerous restrictions pertaining to

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 14) is DENIED, and Defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

Plaintiff's mental impairments and explained that, in doing so, he was considering the evidence in a light most favorable to Plaintiff. (R. 24).

Accordingly, the ALJ adequately explained the basis for his findings, and substantial evidence supports his decision. The Court therefore affirms.